Filed 4/24/23 P. v. Sum CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN SUM,<br><br>      Defendant and Appellant. | C097012<br><br>(Super. Ct. No. STKCRFE20050008445) |

Defendant Brian Sum appeals from an order denying his petition to vacate his attempted murder conviction under former Penal Code section 1170.95 (now section 1172.6).[1] Appointed counsel for defendant has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on

---

[1] Defendant filed his second petition in January 2022. Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95.

1

appeal and defendant has filed a supplemental brief raising various arguments. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's arguments and will affirm the trial court's order.

## I. BACKGROUND

In 2006, a jury found defendant guilty of attempted murder (Pen. Code, §§ 664, 187, subd. (a))[2] as to an unidentified victim, assault with a firearm (§ 245, subd. (a)(2)), shooting at an inhabited dwelling or vehicle (§ 246), possessing a firearm as a convicted felon (former § 12021, subd. (a)), and discharging a firearm with gross negligence (§ 246.3). As to the attempted murder count, the jury also found true allegations defendant personally used a firearm. (§ 12022.53, subd. (c).)

On direct appeal, we struck an enhancement on the shooting at an inhabited dwelling count, but otherwise affirmed the judgment. (*People v. Sum* (Mar. 24, 2008, C052381) [nonpub. opn.].)[3] We summarized the facts of the case in our opinion. In short, defendant fired a gun in a residential area. Witnesses described a red car driving slowly in the street and making a U-turn, and the sound of gunshots. One witness "saw defendant shoot a handgun 'two or three times' in the direction of the cars." Another witness, the victim in the assault with a firearm count, was wounded in the leg. The victim for the attempted murder charge for which defendant was convicted was the unidentified driver of the red car. Police found shell casings and expended shotgun shells in the street shortly thereafter. (*Ibid.*)

In 2022, defendant filed a petition for resentencing under former section 1170.95, alleging he had been prosecuted under a theory of attempted murder under the natural and probable consequences doctrine; he was convicted of attempted murder; and he could not

---

[2] Undesignated statutory references are to the Penal Code.

[3] We previously granted defendant's request to incorporate by reference the record from the direct appeal.

2

currently be convicted of attempted murder because of changes made to sections 188 and 189 effective January 1, 2019.

The court appointed counsel and received briefing from the parties. The court held a hearing and entertained argument from the parties, then took the matter under submission. Among other things, the prosecution argued defendant could not have been prosecuted under the natural and probable consequences doctrine because his jury had never received instructions on the natural and probable circumstances doctrine. At the next scheduled hearing, the court found defendant had not made a prima facie case for relief and denied the petition.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Defendant raises several factual issues about his case, challenging the credibility of one witness in his trial and arguing there was more than one person firing a gun on the night of the crime. Neither of these arguments affects the theory under which defendant was convicted, however. The jury at defendant's trial was instructed using CALJIC

3

No. 8.66 (Attempted Murder), CALJIC No. 8.66.1 (Attempted Murder—Concurrent Intent), and CALCRIM No. 601 (Attempted Murder: Deliberation and Premeditation). The jury was not instructed on any theory under the natural and probable consequences doctrine and could not have convicted defendant on a theory on which it was not instructed. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) We thus reject defendant's arguments.

## III. DISPOSITION

The trial court's order denying the petition is affirmed.

/S/

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
RENNER, J.

We concur:

/S/

‾‾‾‾‾‾‾‾‾‾‾‾‾
ROBIE, Acting P. J.

/S/

‾‾‾‾‾‾‾‾‾‾‾‾‾
KRAUSE, J.